REVISED AUGUST 19, 2008

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-20348
Summary Calendar

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

December 20, 2007

Charles R. Fulbruge III
Clerk

Rose Cooke Meyers,
individually and as next friend of
Jannell L. Meyers

Plaintiff-Appellant,

v.

La Porte Independent School District

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. H-05-1097

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Rose Cooks Meyers ("Meyers") appeals the district court's grant of defendant-appellee La Porte Independent School District's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("LPISD") motion for summary judgment on the 42 U.S.C. §§ 1981 and 1983 claims Meyers filed on behalf of her daughter, Jannell Meyers ("Jannell"). Finding no error, we AFFIRM.

## I. BACKGROUND

In January 2005, Meyers filed a lawsuit in Texas state court alleging that LPISD denied Jannell the "opportunity to participate and to perform at the level at which she was capable" on its varsity and junior varsity softball teams in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1981, 20 U.S.C. § 1681 ("Title IX"), and the Fourteenth Amendment's Equal Protection Clause.[1] Between 2000 and 2003, Jannell played on the LPISD junior varsity softball team. She played on the varsity team during the 2003-04 school year. Meyers alleged that the teams' coaches discriminated against Jannell and denied her playing time on the basis of her race. As a result, Jannell allegedly lost scholarships and other opportunities to play softball at the collegiate level.

LPISD removed the case to federal court and later moved for summary judgment, which the district court granted in April 2007. Meyers filed a timely notice of appeal and challenges only the district court's disposition of her section 1981 and 1983 claims.

## II. DISCUSSION

### A. Standard of Review

Meyers argues the district court erred in granting summary judgment because she presented prima facie evidence of racial discrimination by Jannell's coaches. We review the district court's grant of summary judgment de novo, applying the same standards as the district court. MacLachlan v. ExxonMobil Corp., 350 F.3d 472, 478 (5th Cir. 2003). A court should grant summary

---

[1] Meyers also asserted various state law tort claims against LPISD.

judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue at to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Fed. R. Civ. P. 56(c). Facts are material only if they "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

B.     Section 1983

Title 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. Monell v. Dep't of Social Servs. of New York, 436 U.S. 658, 694 (1978); see also Jett v. Dallas Indep. Sch. Dist., 7 F.3d 1241 (5th Cir. 1993) (holding that a school district was not vicariously liable for the unlawful actions of its superintendent). The plaintiff must identify the specific policy or custom, and show that the final policy maker, through its "deliberate conduct," was the "moving force" behind the violation. Bryan County v. Brown, 520 U.S. 397, 405 (1997). Under Texas law, final

3

policymaking authority in an independent school district rests with the district's board of trustees. Jett, 7 F.3d at 1245.

Although Meyers produced some evidence that Jannell was subject to racial discrimination by her coaches, even assuming that evidence is true Meyers did not identify any official policy or established custom that was the source of the discrimination, nor did she produce any evidence that LPISD was the "moving force" behind the coaches' decision to limit Jannell's playing time. See Brown, 520 U.S. at 405. Additionally, Meyers produced no evidence that LPISD knew about or had constructive knowledge of any potential discrimination by the coaches. See Pineda v. City of Houston, 291 F.3d 325, 330 (5th Cir. 2002) (stating that plaintiff must show that policymaker knew about repeated violations in order for the violations to become a "custom"). On this record, the district court did not err by granting summary judgment to LPISD on Meyers' § 1983 claim.

C.    Section 1981

Section 1981 ensures that all persons in the United States have the same right to make and enforce contracts and prevents impairment of those rights by government and non-government actors. See 42 U.S.C. § 1981. But § 1981 does not provide an independent cause of action. Oden v. Oktibbeha County, 246 F.3d 458, 462-63 (5th Cir. 2001). In order to remedy violations of § 1981, a plaintiff must assert a cause of action under § 1983. Id. Meyers's independent § 1981 claim—not brought through § 1983—against LPISD is contrary to Jett v. Dallas Indep. Sch. Dist.: "[T]he express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."

491 U.S. 701, 735 (1989); see also Felton v. Polles, 315 F.3d 470, 482 (5th Cir. 2002). This requirement "is not a mere pleading formality." Felton, 315 F.3d at 482 Because Meyers brought her § 1981 claim independently of her § 1983 claim, the district court did not err by granting summary judgment to LPISD.

We observe that even if Meyers had pleaded her § 1981 claim correctly, Meyers was required to show that LPISD's conduct interfered with an actual contractual relationship, not a speculative or prospective one. Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 751 (5th Cir. 2001). But Meyers alleged only that LPISD's conduct, that is, the coaches' conduct, prevented Jannell from potential "opportunit[ies]" to play collegiate softball. Therefore, because she did not allege or show the existence of an actual contractual relationship, or even some kind of offer from a college or university, she failed to state a claim upon which relief could be granted. Morris, 277 F.3d at 751.

The judgment of the district court is AFFIRMED.